

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN 11, TEXAS**

PRICE DANIEL.
ATTORNEY GENERAL

September 11, 1950

Hon. Clyde Fillmore
District Attorney
Wichita County
Wichita Falls, Texas

Opinion No. V-1105.

Re: Payment of fees and mileage to arresting officers when the defendant waives examining trial, the Justice of the Peace sets bond, and the Grand Jury indicts.

Dear Mr. Fillmore:

Your request for an opinion reads in part as follows:

"Is arresting officer entitled to arresting fee and mileage of one charged by complaint in Justice Court, and who, upon arrest, appears before Justice of the Peace, waives examining trial, Justice of the Peace sets his bond and the defendant is indicted at following session of grand jury?"

This office has ruled in previous opinions that officers are entitled to their statutory fees for services actually performed even though the defendant waives his right to an examining trial. (Letter opinion to Hon. Homer C. DeWolfe, State Representative, dated Feb. 27, 1931; letter opinion to Hon. Homer L. Pharr, District Judge, Lubbock, Texas, dated Nov. 23, 1929; letter opinion to Hon. Geo. H. Sheppard, Comptroller of Public Accounts, dated Sept. 9, 1932.)

However, your request presents a question as to whether arresting officers are entitled to collect and retain fees and commissions and also a question as to the source and method of payment thereof. In this connection it is noted that Wichita County has a population of more than 20,000 inhabitants, and the Justices of the Peace are compensated on a fee basis. Your attention is invited to the following constitutional provision and statutes relating to the payment of fees and commissions.

Section 61 of Article XVI of the Constitution of Texas provides:

"All district officers in the State of Texas and all county officers in counties having a population of twenty thousand (20,-000) or more, according to the then last preceding Federal Census, shall be compensated on a salary basis.  In all counties in this State, the Commissioners Courts shall be authorized to determine whether precinct officers shall be compensated on a fee basis or on a salary basis, with the exception that it shall be mandatory upon the Commissioners Court, to compensate all constables, deputy constables and precinct law enforcement officers on a salary basis beginning January 1, 1949; and in counties having a population of less than twenty thousand (20,000), according to the then last preceding Federal Census, the Commissioners Courts shall also have the authority to determine whether county officers shall be compensated on a fee basis or on a salary basis, with the exception that it shall be mandatory upon the Commissioners Courts to compensate all sheriffs, deputy sheriffs, county law enforcement officers including sheriffs who also perform the duties of assessor and collector of taxes, and their deputies, on a salary basis beginning January 1, 1949.

"All fees earned by district, county and precinct officers shall be paid into the county treasury where earned for the account of the proper fund, provided that fees incurred by the State, county and any municipality or in case where a pauper's oath is filed, shall be paid into the county treasury when collected and provided that where any officer is compensated wholly on a fee basis such fees may be retained by such officer or paid into the treasury of the county as the Commissioners Court may direct. All Notaries Public, county surveyors and public weighers shall continue to be compensated on a fee basis."

Section 1 of Article 3912e, V.C.S., provides in part:

> "No district officer shall be paid by
> the State of Texas any fees or commission
> for any service performed by him; nor shall
> the State or any county pay to any county
> officer in any county containing a population
> of twenty thousand (20,000) inhabitants or
> more according to the last preceding Federal
> Census any fee or commission for any service
> by him performed as such officer; . . ."

Section 17(b) of Article 3912e, V.C.S., provides in part:

> "In counties wherein the county officers
> named in this Act are compensated on the basis
> of an annual salary, the State of Texas shall
> not be charged with and shall not pay any fee
> or commission to any precinct officer for any
> services by him performed, but said officer
> shall be paid by the County out of the Officers'
> Salary Fund such fees and commissions as would
> otherwise be paid him by the State for such ser-
> vices."

We have previously held that the State is prohibited from paying fees to county and precinct officers in counties having a population of twenty thousand inhabitants or more according to the last preceding Federal Census (Art. 3912e, Sec. 1, V.C.S.), and precinct officers in counties where all the county officers are compensated on a salary basis (Art. 3912e, Sec. 17, V.C.S.). Atty. Gen. Op. V-748 (1948). You are therefore advised that the State is prohibited from paying fees or commissions to any arresting officer (county or precinct) in Wichita County.

We now turn to the question of the county's liability for the payment of fees to county officers in the instant case. You will observe that the above quoted provisions of Section 1 of Article 3912e not only prohibit the State from paying fees to the county officers in your county but also prohibit the county from paying fees to such officers.

As to Wichita County's liability for the payment of fees to precinct officers, we direct your attention to the provisions of Section 3 of Article 3912e, V.C.S., which provides:

"In all cases where the Commissioners'
Court shall have determined that county of-
ficers or precinct officers in such county
shall be compensated for their services by
the payment of an annual salary, neither
the State of Texas nor any county shall be
charged with or pay to any of the officers
so compensated, any fee or commission for
the performance of any or all of the duties
of their offices but such officers shall re-
ceive said salary in lieu of all other fees,
commissions or compensation which they would
otherwise be authorized to retain. . . ."

Section 61 of Article XVI of the Constitution
of Texas makes it mandatory that your constables, deputy
constables, and other precinct law enforcement officers
be compensated on a salary basis. However, the Commis-
sioners' Court, in the exercise of its discretion under
the authority of this constitutional provision, has deter-
mined that the Justices of the Peace of your county shall
be compensated on a fee basis. Therefore, the prohibition
against the payment of fees and commissions by the county
under Section 3 of Article 3912e is not applicable in the
instant situation. This section of Article 3912e would
prohibit the county from paying fees to the precinct ar-
resting officers only where all precinct officers are com-
pensated on an annual salary basis. Therefore, the con-
stables, deputy constables, and other precinct law enforce-
ment officers are entitled to collect from the county out
of the Officers' Salary Fund such fees and commissions "as
would otherwise be paid him by the State for such services,"
but such fees and commissions cannot be retained by them.
They must be deposited with the County Treasury to the cred-
it of the proper county fund as provided in the Constitution.

## SUMMARY

A felony defendant's waiver of examining
trial does not preclude collection of lawful
fees by arresting officer, but in counties of
20,000 population or more where precinct offi-
cers other than constables and deputy consta-
bles are compensated on a fee basis the State
is prohibited from paying fees or commissions

to county or precinct arresting officers.  The county is not liable for the payment of fees and commissions to _county_ arresting officers. Constables, deputy constables, and other _precinct_ law enforcement officers may collect fees and commissions from county, but must return same to county treasury.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

Yours very truly,

PRICE DENIAL
Attorney General

BY Lee Thomas
Assistant

LT:wb